KENNEDY, Circuit Judge,
concurring in part and dissenting in part:
I concur in the court’s opinion except for the sentencing enhancement of USSG § 2A3.2(b)(2)(B) which provides: “A participant otherwise unduly influenced the victim to engage in prohibited sexual conduct.” By its terms, it appears to be intended to increase the penalty where' criminal sexual activity has taken place, been engaged, in, or at least the victim has been influenced to meet for that purpose so one can measure whether the victim has been unduly influenced. According to the commentary,” “[i]n determining whether subsection (b)(2)(B) applies, the court should closely consider the facts of the case to determine whether a participant’s *1237 influence over the victim compromises the voluntariness of the victim’s behavior.” Where, as here, no criminal sexual activity has occurred and the victim was not in fact influenced by defendant, the court, applying the presumption because of the vast difference in age, has had to substitute for the factual finding called for in the commentary whether it thinks defendant’s conduct would have unduly influenced a thirteen-year old hypothetical victjpi. The other enhancements in this section all lend themselves to attempts and can be measured by defendant’s conduct. This is the only enhancement that requires examination of the effect on the victim.
I would find the enhancement inapplicable here.